**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUDAN AL-MARTIN and ANDRES PEREZ, on behalf of themselves and others similarly situated; and others similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>LUXE VALET INC.,<br><br>                Defendant. | No.<br><br><br><br><br>COMPLAINT<br><br>Plaintiffs Demand a Trial by Jury |

Plaintiffs SUDAN AL-MARTIN ("Al-Martin") and ANDRES PEREZ ("Perez") (hereinafter, collectively referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys Levine & Blit, PLLC, complaining of defendant LUXE VALET INC., ("Defendant), hereby alleges:

## NATURE OF THE ACTION

1. This collective action is brought to remedy unpaid overtime premium wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA").

2. Plaintiffs seek declaratory and injunctive relief; an award of monetary damages for the economic losses caused by the Defendant's unlawful conduct, including the lost overtime premium wages; an award of liquidated damages under the FLSA; reasonable attorney's fees; costs of this action; and any such other and further relief this courts deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of New York.

## THE PARTIES

5. Al-Martin is a citizen of the State of New York who began working for the Defendant in or about August 2015.

6. Peres is a citizen of the State of New York who began working for the Defendant in or about July 2016.

7. Upon information and belief, Luxe Valet Inc. is a foreign business corporation doing business in the State of New York, duly organized and existing in the State of Delaware, with its principal place of business located at 2 Embarcadero Center, 8th Floor, San Francisco, California.

8. At all times relevant to this action, Defendant is and was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. § § 203 (r) and (s), and, thus, an entity covered by the FLSA.

9. Defendant has and had: (a) employees engaged in the commerce or in the commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

10. At all times relevant to this action, Plaintiffs were an "employee" of Defendant within the applicable federal statutes and regulations.

11. At all times relevant to this action, Defendant were an "employer" of Plaintiffs within the meaning of applicable federal and state statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

12. At all times within the applicable statute of limitations, Defendant has employed hundreds of employees, including the Plaintiffs, in the position of valet, who worked in excess of forty (40) hours per work week; yet were denied overtime wages.

13. Defendant has employed numerous valets during the applicable statutory period who have been subjected to the same terms and conditions of employment as Plaintiff.

14. Defendant engaged in the employment practice of misclassifying its valets as independent contractors, thereby denying overtime premium wages to its valets.

15. The unlawful employment practices at issue with respect to the similarly situated valets and the named plaintiffs in this action are identical, as Defendant in all cases, have willfully denied such employees the overtime premium wages they are owed.

16. Past and current valets employed by Defendant who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

17. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## FACTUAL ALLEGATIONS

18. At all times relevant to this Complaint, Plaintiffs were employed by Defendant as valets in this District.

19. While employed by Defendant, Al-Martin often worked approximately fifty (50) to seventy (70) hours per week on Defendant's behalf.

20. While employed by Defendant, Peres often worked fifty (50) to eighty (80) hours per week on Defendant's behalf.

21. Although Plaintiffs worked in excess of forty (40) hours in a work week, they were paid at their regular hourly rate for all hours worked.

22. Plaintiffs were denied overtime premium wages owed.

23. Although Plaintiffs worked in excess of forty (40) hours in a work week, they were not compensated with any overtime premium pay.

24. Plaintiffs worked under the Defendant's direction and control.

25. Defendant exercised control over Plaintiffs' work schedule, work locations, and uniforms.

26. Defendant provided training to Plaintiffs and other valets in the performance of their work, and disciplined Plaintiffs and other valets if any of Defendant's policies or rules were violated.

27. The Defendant's unlawful practices alleged herein resulted in unlawful monetary losses to the Plaintiffs and other valets similarly situated.

28. Defendant willfully misclassified Plaintiffs and other valets similarly situated as an independent contractors, even though Defendant knew or should have known that valets were employees.

29. Plaintiffs have suffered lost overtime premium wages as a direct result of Defendant's unlawful employment and pay practices.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT AS TO THE COLLECTIVE ACTION
### (Unpaid Overtime Wages in Violation of the FLSA)

30. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 29, as if fully set forth therein.

31. Defendant was the employer of Plaintiffs and all other similarly situated employees with the meaning of the FLSA.

32. Plaintiffs and all other similarly situated employees are and were non-exempt employees of Defendant under the FLSA.

33. Plaintiffs and all other similarly situated employees worked in excess of forty (40) hours in a work week for Defendant, as described above, but were denied overtime premium wages.

34. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and all other employees similarly situated to them. As such, Defendant's noncompliance with the FLSA was willful.

35. As a proximate result of Defendant's unlawful conduct, Plaintiffs and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime premium wages plus an equivalent amount of liquidated pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment containing the following relief:

a) An order declaring Defendant has violated the provisions of the FLSA relating to payment of overtime premium wages;

b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiffs' and the Collective's economic losses in the form of unpaid overtime premium wages.

d) An order awarding liquidated damages to Plaintiffs and the Collective pursuant to the FLSA;

e) An award of Plaintiffs' and the Collective's reasonable attorney's fees;

f) An award of the Plaintiffs' and the Collective's costs of this action; and

g) Any such other and further relief this court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: August 18, 2017
New York, New York

LEVINE & BLIT, PLLC

Matthew J. Blit, Esq.
Justin S. Clark, Esq.
*Attorneys for Plaintiffs*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000

6