# RELEASE OF CLAIMS

This Settlement Agreement and Release ("Release") is entered into by and between Sudan Al-Martin and Andres Perez (collectively "Named Plaintiffs") and Luxe Valet, Inc. ("Luxe" or "Defendant") (all three collectively, the "Parties").[1]

WHEREAS, Named Plaintiffs filed a Collective Action Complaint ("Complaint") on August 18, 2017 in an action entitled *Al-Martin, et al. v. Luxe Valet, Inc.*, Index No. 17-CV-6286 (ER) (the "Action") in the United States District Court for the Southern District of New York, in which claims were asserted against Defendant under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA");

WHEREAS, on December 19, 2017, Defendant consented to the filing of an amendment to the Complaint ("Amended Complaint") asserting Fed. R. Civ. P. 23 class action claims pursuant to the New York Labor Law ("NYLL") in addition to FLSA claims;

WHEREAS, on November 28, 2017, the Parties participated in mediation pursuant to the Southern District of New York's Mandatory Mediation Program, during which the Parties reached a settlement in principle of all individual, class, and collective claims in the Action;

WHEREAS, the Parties entered into a "Settlement Agreement and Release" ("Settlement Agreement") to fully and finally settle, compromise and release all claims raised, or that could have been raised, by Named Plaintiffs and the putative class in the Action;

WHEREAS, on the Effective Date of the Settlement Agreement, and in exchange for the settlement class benefits and for other good and valuable consideration, Named Plaintiffs on behalf of all class and collective members that Named Plaintiffs sought to represent agreed to release claims against Defendant;

WHEREAS, on or before the Effective Date of the Settlement Agreement, Named Plaintiffs agreed to execute a separate release of all claims against Defendant. (*See* Settlement Agreement § 4.1(C));

WHEREAS, on or about February 15 and 16, 2018, the parties did enter into a separate release pursuant to section 4.1(C) of the Settlement Agreement and in the form attached to the Settlement Agreement as Exhibit A ("Prior Individual Release");

WHEREAS, on April 3, 2018, the Court, in granting preliminary approval of the Settlement Agreement, stated the following regarding the Prior Individual Release:

---

[1] For purposes of this release of claims, "Luxe" or "Defendant" means Defendant Luxe Valet, Inc. and its respective present, former and future affiliates, parents, subsidiaries, corporate family members, officers, directors, partners, employees, agents, attorneys, heirs, vendors, administrators, executors, members, member entities, shareholders, investors, insurers, predecessors, successors, representatives, trustees, principals, and assigns, individually, jointly and severally.

[T]he release provision for the named Plaintiffs is overly broad, as it goes beyond state and federal wage and hour claims. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The parties are therefore advised to limit the scope of that provision prior to seeking final approval from the Court.

NOW, THEREFORE, pursuant to section 4.1(C) of the Settlement Agreement, and for the good and valuable consideration as acknowledged by Named Plaintiffs in the Settlement Agreement, including but not limited to prospective service awards to the Named Plaintiffs (*see* Settlement Agreement § 3.3), the Parties hereby agree to the Named Plaintiffs' separate release of claims as follows:

**Named Plaintiffs' Release**: On the Effective Date of the Settlement Agreement, Named Plaintiffs and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, fully and forever release, waive, acquit, and forever discharge Defendant from any rights, claims, demands, actions, causes, grievances, damages or liabilities relating to Defendant's compliance with federal, state, and local wage and hour laws as to Named Plaintiffs, of any kind or any nature whatsoever, whether actual or potential, known or unknown, suspected or unsuspected, that Named Plaintiffs have or may have against Defendant on or before the date that each Named Plaintiff signs this Release ("Released Claims"). To the maximum extent allowed by applicable law, the Released Claims include, but are not limited to, those arising under the Fair Labor Standards Act; the New York State Labor Law; and any and all other state or local statutes, ordinances, or regulations, including, but not limited to, causes of action for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide and/or pay for meal and/or rest periods, failure to timely pay final wages, failure to pay "spread of hours" wages, alleging unlawful imposition, deduction or chargeback from compensation for expenses or costs, failure to reimburse for business expenses (including, but not limited to, "tools of the trade" expenses and derivative minimum wage claims), failure to furnish accurate wage statements or other notices, premium pay, and penalties (including late payment penalties), any related or derivative claims for unpaid costs, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable, declaratory or injunctive relief.

The Released Claims do not include any claim that cannot be released by a court-approved agreement based on applicable law.

The Named Plaintiffs acknowledge that they might hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the Released Claims, and they expressly agree to assume the risk of possible discovery of such additional or different facts, and further agree that this Release shall be and remain effective in all respects regardless of such additional or different facts.

Named Plaintiffs agree that, to the extent any Released Claims against Defendant might be encompassed within or by any pending or future class action, representative action or collective action, Named Plaintiffs will not be eligible to participate in that

action and will not directly or indirectly seek or accept any recovery therein for the Released Claims.

The Parties agree that the payments made under the Settlement Agreement are meant to compensate Named Plaintiffs for all harms incurred as a result of the allegations set forth in in the Complaint or the Amended Complaint, as well as any other harms or alleged harms encompassed by the Released Claims. It is expressly intended and understood by the Parties that the Settlement Agreement and this Release is to be construed as a complete settlement, accord, and satisfaction of Named Plaintiffs' Released Claims.

The parties further agree that this Release shall supersede the Prior Individual Release, which the Court asked the Parties to modify on April 3, 2018. Nothing in this Release shall be deemed to affect, modify, or abrogate in any way any provision of the Settlement Agreement, with the exception that this Release shall replace the Prior Individual Release.

**Bar to Future Suits**. Upon entry of the final judgment in the Action, the Named Plaintiffs shall be enjoined from prosecuting any Released Claims in any proceeding against Defendant or any claims based on any actions taken by Defendant that are authorized or required by the Settlement Agreement or the final judgment. It is further agreed that the final judgment in the Action may be pleaded as a complete defense to any proceeding subject to this section.

This Release may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same agreement and release. This Release may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature.

IN WITNESS WHEREOF, the undersigned have executed this Release of Claims on the dates set forth hereinafter.

_/s/ Sudan Al-Martin_                    10/21/18

Sudan Al-Martin                            Date
Plaintiff/Class Representative


_____              _____
Andres Perez                               Date
Plaintiff/Class Representative


Luxe Valet, Inc.

By_____              _____
                                            Date
Its_____

3

action and will not directly or indirectly seek or accept any recovery therein for the Released Claims.

The Parties agree that the payments made under the Settlement Agreement are meant to compensate Named Plaintiffs for all harms incurred as a result of the allegations set forth in in the Complaint or the Amended Complaint, as well as any other harms or alleged harms encompassed by the Released Claims. It is expressly intended and understood by the Parties that the Settlement Agreement and this Release is to be construed as a complete settlement, accord, and satisfaction of Named Plaintiffs' Released Claims.

The parties further agree that this Release shall supersede the Prior Individual Release, which the Court asked the Parties to modify on April 3, 2018. Nothing in this Release shall be deemed to affect, modify, or abrogate in any way any provision of the Settlement Agreement, with the exception that this Release shall replace the Prior Individual Release.

**Bar to Future Suits**. Upon entry of the final judgment in the Action, the Named Plaintiffs shall be enjoined from prosecuting any Released Claims in any proceeding against Defendant or any claims based on any actions taken by Defendant that are authorized or required by the Settlement Agreement or the final judgment. It is further agreed that the final judgment in the Action may be pleaded as a complete defense to any proceeding subject to this section.

This Release may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same agreement and release. This Release may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature.

IN WITNESS WHEREOF, the undersigned have executed this Release of Claims on the dates set forth hereinafter.

---

Sudan Al-Martin
Plaintiff/Class Representative

_/s/ Andres Perez_
Andres Perez
Plaintiff/Class Representative

Date

_10-18-18_
Date

Luxe Valet, Inc.

By_____

Its_____

Date

3

action and will not directly or indirectly seek or accept any recovery therein for the Released Claims.

The Parties agree that the payments made under the Settlement Agreement are meant to compensate Named Plaintiffs for all harms incurred as a result of the allegations set forth in in the Complaint or the Amended Complaint, as well as any other harms or alleged harms encompassed by the Released Claims. It is expressly intended and understood by the Parties that the Settlement Agreement and this Release is to be construed as a complete settlement, accord, and satisfaction of Named Plaintiffs' Released Claims.

The parties further agree that this Release shall supersede the Prior Individual Release, which the Court asked the Parties to modify on April 3, 2018. Nothing in this Release shall be deemed to affect, modify, or abrogate in any way any provision of the Settlement Agreement, with the exception that this Release shall replace the Prior Individual Release.

**Bar to Future Suits**. Upon entry of the final judgment in the Action, the Named Plaintiffs shall be enjoined from prosecuting any Released Claims in any proceeding against Defendant or any claims based on any actions taken by Defendant that are authorized or required by the Settlement Agreement or the final judgment. It is further agreed that the final judgment in the Action may be pleaded as a complete defense to any proceeding subject to this section.

This Release may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same agreement and release. This Release may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature.

IN WITNESS WHEREOF, the undersigned have executed this Release of Claims on the dates set forth hereinafter.

_____         _____
Sudan Al-Martin                         Date
Plaintiff/Class Representative


_____         _____
Andres Perez                            Date
Plaintiff/Class Representative

Luxe Valet, Inc.

By_____        _____
                                        Date
Its_____

3